UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| ANTHONY LEE BOLDEN | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:01-cv-291 |
| | ) | 3:99-cr-061 |
| | ) | *Jarvis* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Anthony Lee Bolden ("Bolden"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I.  Standard of Review

This court must vacate and set aside Bolden's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Bolden "must show a 'fundamental defect which inherently results in a complete miscarriage

of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

If it plainly appears from the face of the motion, the annexed exhibits and the prior proceedings in the case that Bolden is not entitled to relief in this court, the action should be summarily dismissed; an evidentiary hearing is not required. Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS; *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986); *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983).

II.   Factual Background

Bolden pleaded guilty, pursuant to 21 U.S.C. § 846, to conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). By judgment entered March 31, 2000, he was sentenced to a term of imprisonment of 80 months. The sentence was the result of a motion for downward departure for substantial assistance filed by the government; Bolden was facing a guideline sentence range of 188 to 235 months. Bolden appealed his sentence, but subsequently moved to dismiss the appeal. *United States v. Bolden*, No. 00-5459 (6th Cir. November 2, 2000) (mandate issued). Bolden now challenges the legality of his conviction and relies on the U.S. Supreme Court decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

III. <u>Discussion</u>

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the U.S. Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id*. at 490. In federal prosecutions, such facts must also be charged in the indictment. *Id*. at 476 (citing *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999)).

Bolden alleges that, under *Apprendi*, the court lacked jurisdiction to convict him because the indictment did not state an element of the offense, specifically the amount of drugs involved. *Apprendi* was decided almost three months after Bolden was sentenced. The Supreme Court has not held that *Apprendi* should be applied retroactively. *See Goode v. United States*, 305 F.3d 378 (6th Cir. 2002).

> We conclude that *Apprendi* does not apply retroactively to initial § 2255 motions as it is not a watershed rule of criminal procedure. We also conclude that *Apprendi* does not create jurisdictional problems for the federal district courts to hear cases where the drug quantity is not specified in the indictment.

*Id*. at 381. *See also In re Clemmons*, 259 F.3d 489, 493 (6th Cir. 2001) ("[a]s the Supreme Court has not held that *Apprendi* applies retroactively to cases on collateral review," it cannot authorize the filing of a second or successive motion to vacate sentence).

In any event, *Apprendi* would not afford Bolden any relief. His sentence of 80 months was less than the prescribed statutory maximum of twenty years set forth in 21 U.S.C. § 841(b)(1)(C) for distribution or possession with intent to distribute a controlled substance.

Bolden also alleges his attorney rendered ineffective assistance of counsel by failing to recognize and preserve this issue. As noted, Bolden would not have been entitled to relief under *Apprendi*. Thus, there was no reason for counsel to raise the issue. The failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990). Likewise, an attorney is not required to raise meritless issues on appeal. *Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993).

IV.   Conclusion

Bolden is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

              *s/ James H. Jarvis*              
              UNITED STATES DISTRICT JUDGE